<table>
<tr>
<td>
KAREN TRICE<br>
7571 Quaker Neck Rd<br>
Chestertown, Maryland 21620<br><br>
Plaintiff,<br><br>
v.<br><br>
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>
600 5th Street, NW<br>
Washington, DC 20001<br><br>
and<br><br>
JOHN DOE<br>
Address Unknown<br>
Address Unknown<br><br>
and<br><br>
DISTRICT OF COLUMBIA<br>
SERVE ON: Murial Bowser, Mayor<br>
John A. Wilson Building<br>
1350 Pennsylvania Avenue, NW,<br>
Washington, DC 20004<br><br>
Defendants.
</td>
<td>
<u>IN THE CIRCUIT COURT</u><br><br>
<u>FOR</u><br><br>
<u>MONTGOMERY COUNTY</u><br><br><br>
CASE NO.:<br><br>
JURY TRIAL PRAYED
</td>
</tr>
</table>

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Karen Trice (hereinafter "Plaintiff"), by and through her attorneys, Dustin C. Furman and Gilman & Bedigian, LLC, hereby sues Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA"), John Doe (hereinafter "Defendant Driver"), and the District of Columbia (hereinafter "Defendant DC") and states as follows:

**FACTS COMMON TO ALL COUNTS**

1. That all events giving rise to this cause of action took place in Montgomery County, Maryland.

2. That Defendant WMATA is an organization which regularly conducted business

in Montgomery County, Maryland, where it provided public transportation services to the public.

3. That on or about February 2, 2019, at approximately 12:00 p.m., Plaintiff was a passenger in a vehicle that was travelling on New Hampshire Avenue, at or near its intersection with Elton Road.

4. That at approximately the same time and place, a bus which, upon information and belief, was owned by Defendant WMATA and/or Defendant DC and operated by Defendant Driver was also travelling on New Hampshire Avenue when suddenly and without warning the Defendant Driver failed to stay in his travel lane and struck the side of the vehicle the Plaintiff was a passenger in.

5. That upon information and belief, Defendant Driver was at all times relevant hereto acting within the scope of his employment for Defendant WMATA and/or Defendant DC.

6. That as a direct result of the aforementioned events, Plaintiff was seriously injured about the body and limbs.

7. Defendants, as driver, owners, and employers, owed a duty to Plaintiff.

**COUNT I**
(Negligence – against Defendant Driver)

8. That Plaintiff adopt by reference the allegations contained in paragraphs 1 through 7 and all other counts of this Complaint with the same effect as if herein fully set forth.

9. That Defendant Driver was operating the vehicle in a negligent and careless manner by failing to exercise care and caution for the safety of others on a public highway; failed to maintain a proper lookout; failed to exercise care and caution to avoid a collision; failed to maintain proper control over the vehicle; failed to follow the Maryland Transportation Article; failed to obey a traffic control device and was otherwise negligent in causing this collision.

10. That as a proximate result of the negligence of the Defendant Driver, Plaintiff was

caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

11. That the Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants', without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT II**
(Negligent Entrustment – against Defendant WMATA)

12. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 11 and all other counts of this Complaint with the same effect as if herein fully set forth.

13. That Defendant WMATA owned and supplied the vehicle to Defendant Driver.

14. That Defendant WMATA knew, or should have known, that Defendant Driver had a propensity to operate vehicles in a negligent and unsafe manner, which likely would cause physical damage to others.

15. That as a proximate result of the negligence of the Defendant Driver, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

16. That the Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of Defendants', without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT III**
(Negligence– against Defendant WMATA)

17. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 16 and all other counts of this Complaint with the same effect as if herein fully set forth.

18. That as a proximate result of the negligence of the Defendant WMATA, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

19. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of Defendants', without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT IV**
(Negligent Hiring of Defendant Driver- against Defendant WMATA)

20. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 19 and all other counts of this Complaint with the same effect as if herein fully set forth.

21. Defendant WMATA hired Defendant Driver to be a bus driver for its public transportation company which required Defendant Driver to use a motor vehicle during his employment.

22. Defendant WMATA had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

23. Defendant Driver was incompetent and unable to perform the duties required at the time of hiring by Defendant WMATA.

24. A reasonable and prudent employer would not have ignored Defendant Driver's unfitness to perform the duties their employment entailed. Defendant WMATA knew, or should have known, of Defendant Driver's incompetence and inability to perform the duties required during his transportation route and that he was not a safe responsible driver.

25. Defendant WMATA owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through hiring Defendant Driver breached such duty.

26. That as a proximate result of the negligence of the Defendant WMATA in hiring Defendant Driver, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT V**

(Respondent Superior– against Defendant WMATA)

27. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 26, and all other counts of this Complaint with the same effect as if herein fully set forth.

28. At all times relevant hereto Defendant Driver was acting in the scope of his employment for Defendant WMATA.

29. As a result, Defendant WMATA is responsible for the negligent acts of Defendant Driver.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT VI**
(Negligent Training & Supervision- against Defendant WMATA)

30. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 29 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

31. That upon information and belief, Defendant WMATA failed to properly train and supervise its employee, Defendant Driver, who operated a vehicle as part of his employment duties.

32. That as a result of the lack of training and proper supervision, Defendant Driver caused a collision between the vehicle which he was driving and the vehicle in which Plaintiff was a passenger.

33. That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

34. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part

of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT VII**

(Negligent Entrustment – against Defendant DC)

35. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 14 and all other counts of this Complaint with the same effect as if herein fully set forth.

36. That Defendant DC owned and supplied the vehicle to Defendant Driver.

37. That Defendant DC knew, or should have known, that Defendant Driver had a propensity to operate vehicles in a negligent and unsafe manner, which likely would cause physical damage to others.

38. That as a proximate result of the negligence of the Defendant Driver, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

39. That the Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of Defendants', without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT VIII**
(Negligence– against Defendant DC)

40. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 39 and all other counts of this Complaint with the same effect as if herein fully set forth.

41. That as a proximate result of the negligence of the Defendant DC, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

42. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of Defendants', without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT IX**
(Negligent Hiring of Defendant Driver- against Defendant DC)

43. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 42 and all other counts of this Complaint with the same effect as if herein fully set forth.

44. Defendant DC hired Defendant Driver to be a bus driver for its public transportation company which required Defendant Driver to use a motor vehicle during his employment.

45. Defendant DC had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

46. Defendant Driver was incompetent and unable to perform the duties required at the time of hiring by Defendant DC.

47. A reasonable and prudent employer would not have ignored Defendant Driver's unfitness to perform the duties their employment entailed. Defendant DC knew, or should have known, of Defendant Driver's incompetence and inability to perform the duties required during his transportation route and that he was not a safe responsible driver.

48. Defendant DC owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through hiring Defendant Driver breached such duty.

49. That as a proximate result of the negligence of the Defendant DC in hiring Defendant Driver, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to her back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

WHEREFORE, this suit is brought and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT X**

(Respondent Superior– against Defendant DC)

50. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 49, and all other counts of this Complaint with the same effect as if herein fully set forth.

51. At all times relevant hereto Defendant Driver was acting in the scope of his employment for Defendant DC.

52. As a result, Defendant DC is responsible for the negligent acts of Defendant Driver.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT XI**
(Negligent Training & Supervision- against Defendant DC)

53. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 52 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

54. That upon information and belief, Defendant DC failed to properly train and supervise its employee, Defendant Driver, who operated a vehicle as part of his employment duties.

55. That as a result of the lack of training and proper supervision, Defendant Driver caused a collision between the vehicle which he was driving and the vehicle in which Plaintiff was a passenger.

56. That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to back, neck, and upper extremities; to undergo medical care and treatment; to incur medical expenses; and to lose time from her daily pursuits.

57. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Dustin C. Furman*
Dustin C. Furman
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
dfurman@gblegalteam.com
CPF: 1612130239
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury on all issues herein.

*/s/ Dustin C. Furman*
Dustin C. Furman